IN THE MATTER OF THE TRANSFER INHERITANCE TAX ASSESSMENT IN THE ESTATE OF THOMAS L. HAMILTON, DECEASED.

PATRICIA A. LYONS, EXECUTRIX OF THE WILL OF THOMAS L. HAMILTON, DECEASED, APPELLANT, v. WILLIAM T. KINGSLEY, ACTING DIRECTOR OF THE DIVISION OF TAXATION, TREASURY DEPARTMENT, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 15, 1969—Decided December 22, 1969.

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. Walter E. Cooper* argued the cause for appellant (*Messrs. Walter E.* and *Walter M. Cooper,* attorneys).

*Mr. T. Robert Zochowski,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

GOLDMANN, P. J. A. D. Patricia A. Lyons, executrix under the will of her father Thomas L. Hamilton, appeals from a transfer inheritance tax assessment determining that decedent's transfer to Patricia and her husband as tenants by the entirety was taxable one-half to Patricia at 1% and one-half to her husband at 11%.

On April 20, 1965 decedent transferred to Patricia and her husband the property in which they maintained a common household. Patricia, an only child, took care of her father until he died on September 19, 1967. In his will, dated September 10, 1963, he left all his property to Patricia, if she survived him, and named her executrix. He directed that all taxes be paid out of his general estate, to be treated as administration expenses.

Decedent's attorney, Cooper, states that decedent saw him on April 6, 1965 about a proposed conveyance of the property to his daughter. Cooper advised him that if he died within three years, the transfer for inheritance tax purposes would be presumed to have been made in contemplation of death. He also advised that for convenience in handling the title and to conform to the current practice, the husband's name should be included in the deed. The attorney explained the consequences of such a tenancy by the entirety, and this was further explained in his letter to decedent dated April 9, 1965. Decedent nevertheless proceeded to create a tenancy by the entirety in his April 20 deed.

Patricia and her husband sold the property for $25,000 immediately after decedent's death and before filing an inheritance tax return.

The executrix first argues that there is no provision in the Inheritance Tax Act which in specific terms imposes

a tax on a transfer of the kind here involved. Initially, it is to be observed that the transfer was certainly one intended to take effect in possession or enjoyment at or after death, and so is taxable under *N. J. S. A.* 54:34–1(c). This is so not only because the cited section raises such a presumption, but Patricia and her husband had agreed to take care of the father in the house they occupied, for as long as he lived. *N. J. S. A.* 54:34–2, as amended, fixes the rates of taxation, the rates varying with the identity of the transferee and the value of the property transferred. Thus, it provides that a transfer to a child of decedent is to be taxed at 1% on any amount in excess of $5,000 and up to $50,000, and a transfer to the husband of a daughter is to be taxed at 11% up to $1,100,000.

There can be no debate — and there is none — that the transfer on its face created a tenancy by the entirety. What appellant argues is that we should look at decedent's intent, and she spells out such intention by referring to (a) attorney Cooper's letter to decedent dated April 9, 1969 ("In connection with the transfer of the house to your daughter, which we discussed the other day," etc.) ; (b) the fact that the daughter's name appears before her husband's in the deed (this, it is argued, is quite unusual — a departure from ordinary practice!) ; (c) the will (pre-dating the deed by more than 1½ years) left everything to the daughter, and (d) Patricia (in a self-serving affidavit) alleged that her father told her she was the owner of the property.

All this is entirely unpersuasive. Were we to adopt the appellant's line of argument, no deed creating an estate by the entireties would be safe from similar attack. The deed is unambiguous on its face. There is the further thought that the deed was executed after full consultation with and advice by counsel.

The nature of an estate by the entirety was discussed by this court in *Dorf v. Tuscarora Pipe Line Co., Ltd.,* 48 *N. J. Super.* 26, 33–34 (1957), where it was described as one having the characteristics of a tenancy in common for the joint lives

of husband and wife, with remainder to the survivor in fee. Each spouse is entitled to half the income; either spouse's beneficial interest can be reached for the satisfaction of his (her) own creditors; a purchaser of one spouse's interest at execution sale becomes a tenant in common with the other spouse, subject to the nondebtor spouse's survivorship interest, and each spouse is protected against waste by the other.

██ Patricia and her husband having sold the property immediately after decedent died, the tenancy by the entirety vanished and they became tenants in common of $25,000, since there can be no tenancy by the entirety in personalty. *Dorf,* at 34; *Cross v. Transfer Inheritance Tax Bureau,* 105 *N. J. Super.* 452 (*App. Div.* 1969).

██ We return to a consideration of appellant's claim that there is no "taxable category" under which a transfer of realty to spouses, taking as tenants by the entirety, may be taxed. There is no merit in that contention. Appellant fails to note that the tax provisions of *N. J. S. A.* 54:34-1 not only fail to mention a tenancy by the entirety, but a tenancy in common or a sole ownership. As the Bureau points out, the provisions of section 1 are not concerned with the estate created in the grantee, but only with the transfer of property in contemplation of death or to take effect upon death.

To bolster her argument, appellant calls our attention to the fact that the Legislature had to set up a separate paragraph, *N. J. S. A.* 54:34-1(f), to cover the taxing of joint tenancies. That subsection treats of a situation where one joint tenant dies, and the property automatically goes to the survivor. Without (f) the succession in title would be exempt from taxation. Subsection (f) does not cover property transferred by a decedent to spouses who had no interest in the property prior to the transfer.

██ We are informed by the Bureau that had the realty not been sold, then, following its established procedure, it would have allocated one-half the interest to each spouse and

then proceeded under *N. J. S. A.* 54:36–3 to appraise the property, compute a tax on each spouse's life estate, and tax his (her) remainder interest according to the American Experience Table of Mortality under *N. J. S. A.* 54:36–2.

For tax purposes, the only consequence of the sale of the realty here was to fix the value of the transfer to each party. We find the procedure followed by the Bureau to have been fair and the tax imposed correct. Its determination is affirmed.